## Mullins v. Commonwealth.

(Decided November 3, 1922.)

### Appeal from Rockcastle Circuit Court.

Appeal and Error—Evidence.—Evidence examined and verdict held not to be flagrantly against the evidence.

L. W. BETHURUM for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clarke—Affirming.

The appellant Frank Mullins was indicted, tried and convicted of unlawfully selling to Wilburn Miller two quarts of whiskey, and his punishment fixed at a fine of $175.00 and 30 days in jail.

The only question raised by this appeal is whether or not the verdict is flagrantly against the evidence.

The only evidence introduced by the Commonwealth in chief is that of Wilburn Miller, who testified that on the night of the 18th day of December, 1921, and within twelve months before the finding of the indictment, he, with Logan D. Taylor, went from the residence of Fred Myers to that of the defendant; that they were both riding a mule borrowed of Myers; that Taylor waited outside near where the mule was hitched while the witness went into the residence of the defendant and there bought from him two quarts of whiskey and paid him therefor $6.00; that after getting the whiskey he rejoined

Taylor and they returned to the home of Fred Myers, where Myers, Taylor, George Harold and several others besides the witness drank the whiskey.

The defendant testifying for himself denied that he had sold Miller the two quarts of whiskey at the time referred to or any other, or that he ever sold him any whiskey or any intoxicants whatever.

Taylor denied that he ever accompanied Miller to the home of the defendant in the manner described, or at all; and he, Myers and Harold denied that Miller on or about the 18th of December, 1921, or at any time, brought two quarts of whiskey to the residence of Myers, or that they partook of same as Miller had testified.

B. H. Griffin, another witness introduced by the defendant, testified that about three weeks before the term of the court at which the case was tried, Miller had told him at a named place that "He indicted Frank Mullins for selling whiskey because they made him (meaning the officers), that he had not bought any whiskey from him but that he did buy the whiskey for which Frank Mullins was indicted from Sollie Alcorn."

Miller denied making this statement or anything like it to Griffin, and the Commonwealth proved by S. F. Bowman and G. M. Ballard, in rebuttal, and after laying the foundation therefor, that Taylor some time before the trial had told them that he had accompanied Miller to the home of the defendant at the time he claimed to have bought the whiskey of him, and that they had ridden a mule together to his home, but that he did not know whether Miller had bought any whiskey or not.

In this state of case defendant's guilt or innocence depended upon which set of witnesses testified truthfully. The jury saw and heard them testify, and were in much better position than are we to judge of the proper weight to be given to the testimony of each witness.

There was but one witness on each side who knew or could testify as to whether or not the sale was made, and while the prosecuting witness was contradicted on this the vital question by the defendant and in a way by Griffin, and as to the occurrences which he says immediately preceded and followed the sale by three other witnesses, one of these witnesses for the defendant, Taylor, was in turn contradicted by two other witnesses for the Commonwealth.

Under these circumstances the jury very reasonably might have believed either set of witnesses, and we are not prepared to say that the verdict is flagrantly against the evidence, or, as it is sometimes otherwise expressed, that it is so contrary to the evidence as that it appears to be the result of passion or prejudice.

Wherefore the judgment is affirmed.